STEVEN A. GIBSON, ESQ.
Nevada State Bar No. 6656
sgibson@gibsonlexbury.com
JODI DONETTA LOWRY, ESQ.
Nevada State Bar No. 7798
jlowry@gibsonlexbury.com

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 12 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

**Gibson Lexbury LLP**
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Telephone 702.541.7888
Facsimile 702.541.7899

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF**

**ARKANSAS**

**CENTRAL DIVISION**

| | |
|---|---|
| 1.4G HOLDINGS, LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>INTERSTATE FIREWORKS, LLC, an Arkansas domestic limited liability company; A-1 FIREWORKS, INC., an Arkansas corporation; JIANGXI PANDA FIREWORKS CO., LTD, a Chinese entity,<br><br>Defendants. | Case No.: 4:23CV346-BRW<br><br>**COMPLAINT**<br><br>**JURY TRIAL REQUESTED** |

1.4g Holdings, LLC ("Plaintiff"), by and through its counsel, Gibson Lexbury LLP,

complains as follows against Defendants Interstate Fireworks, LLC ("Interstate"), A-1

Fireworks, Inc. ("A-1"), and Jiangxi Panda Fireworks Co., Ltd ("Jiangxi"; Interstate, A-1, and

Jiangxi collectively "Defendants"), on information and belief, that the following allegations are

and have been true at all times relevant to this lawsuit unless otherwise specifically indicated to

the contrary:

This case assigned to District Judge _Wilson_

and to Magistrate Judge _Erwin_

1

1

## NATURE OF ACTION

1.      This is an action arising under this Court's original jurisdiction for Lanham Act violations, and under this Court's supplemental jurisdiction for misappropriation of commercial properties under Arkansas common law.

## PARTIES

2.      Plaintiff is a limited-liability company organized under Nevada law with its principal place of business in Las Vegas, Nevada.

3.      Interstate is a limited liability company organized under Arkansas law with its principal place of business in Russellville, Pope County, Arkansas.

4.      A-1 is a corporation organized under Arkansas law with its principal place of business in Ola, Yell County, Arkansas.

5.      Jiangxi is a Chinese entity doing business in the United States, including, without limitation, in Arkansas.

## JURISDICTION

6.      This Court has original jurisdiction over Plaintiff's First through Twenty-First Causes of Action (the "Federal Causes of Action") pursuant to 15 U.S.C. § 1121(a), 15 U.S.C. § 4, and 28 U.S.C. § 1331, because the Federal Causes of Action arise under the Lanham Act.

7.      This Court has supplemental jurisdiction over Plaintiff's Twenty-Second through Twenty-Fourth Causes of Action (the "State Causes of Action") pursuant to 28 US.C. §§ 1338(b) and 1367 because the State Causes of Action are so related to the Federal Causes of Action as to form part of the same case or controversy as the Federal Causes of Action pursuant to Article III of the United States Constitution.

8.      This Court has general personal jurisdiction over Interstate because Interstate is an Arkansas limited liability company with its principal place of business in Pope County, Arkansas, within the geographical area comprising the Eastern District of Arkansas, Central Division.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

9.      This Court has general personal jurisdiction over A-1 because A-1 is an Arkansas corporation with its principal place of business in Yell County, Arkansas, within the geographical area comprising the Eastern District of Arkansas, Central Division.

10.     This Court has general and specific personal jurisdiction over Jiangxi under Arkansas Code § 16-4-101(B), which extends personal jurisdiction in Arkansas to the maximum extent permitted by the Fourteenth Amendment to the United States Constitution.

11.     This Court has general jurisdiction over Jiangxi for at least the following reasons:

a.  Jiangxi continuously and systematically distributes goods, namely fireworks, including, without limitation, fireworks alleged herein to be sold in Arkansas bearing Plaintiff's trademarks and embodying misappropriations of Plaintiff's commercial property (the "Accused Goods"), in and from Arkansas, including, without limitation, within the geographic area comprising the Eastern District of Arkansas.

b.  Jiangxi continuously and systematically advertises, distributes, and sells, and has continuously and systematically advertised, distributed, and sold for no fewer than eight years, Jiangxi's goods sold under the trademark WINDA ("WINDA Goods"), including, without limitation, Accused Goods, using a facsimile number sited in Arkansas' (501) area code, which is believed to be a landline-based number for receipt of orders by a distribution center in Arkansas under the control of Jiangxi.

c.  Jiangxi continuously and systematically advertises, distributes and sells goods, including, without limitation, the Accused Goods, to wholesale fireworks dealers throughout Arkansas, including, without limitation, Interstate and A-1.

d.  Jiangxi allows Interstate to act as Jiangxi's branded distributor for WINDA Goods, including, without limitation, the Accused Goods, thereby allowing Interstate to promote the sale of WINDA Goods (including, without limitation, the Accused Goods) on Interstate's website and in Interstate's non-internet-based promotional activities, emanating from Arkansas.

e.  Jiangxi allows A-1 to act as Jiangxi's branded distributor for WINDA Goods, including, without limitation, Accused Goods, thereby allowing A-1 to promote the

3

Gibson Lexburg LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

sale of WINDA Goods (including, without limitation, Accused Goods) on A-1's

website and in A-1's non-internet-based promotional activities, all of which emanate

from Arkansas.

f.  Jiangxi has a pattern and practice of authorizing certain fireworks distributors in

Arkansas, including, without limitation, Interstate and A-1, to distribute, sell, and

advertise WINDA Goods, including, without limitation, Accused Goods, both on and

off the internet, in and from Arkansas.

12.   This Court has specific personal jurisdiction over Jiangxi for at least the following

reasons:

a.  Jiangxi continuously and systematically distributes goods, namely fireworks,

including, without limitation, Accused Goods, in and from Arkansas, including,

without limitation, within the geographic area comprising the Eastern District of

Arkansas, Central Division.

b.  Jiangxi continuously and systematically advertises, distributes, and sells, and has

continuously and systematically advertised, distributed, and sold for no fewer than

eight years, WINDA Goods, including, without limitation, Accused Goods, using a

facsimile number sited in Arkansas' (501) area code, which is believed to be a

landline-based number for receipt of orders by a distribution center in Arkansas under

the control of Jiangxi.

c.  Jiangxi continuously and systematically advertises, distributes and sells goods,

including, without limitation, Accused Goods, to wholesale fireworks dealers

throughout Arkansas, including, without limitation, Interstate and A-1.

d.  Jiangxi allows Interstate to act as Jiangxi's branded distributor for WINDA Goods,

including, without limitation, Accused Goods, thereby allowing Interstate to promote

the sale of WINDA Goods (including, without limitation, the Accused Goods) on

Interstate's website and in Interstate's non-internet-based promotional activities, all of

which emanate from Arkansas.

4

e. Jiangxi allows A-1 to act as Jiangxi's branded distributor for WINDA Goods, including, without limitation, Accused Goods, thereby allowing A-1 to promote the sale of WINDA Goods (including, without limitation, Accused Goods) on A-1's website and in A-1's non-internet-based promotional activities, all of which emanate from Arkansas.

f. Jiangxi has a pattern and practice of authorizing certain fireworks distributors in Arkansas, including, without limitation, Interstate and A-1, to distribute, sell, and advertise WINDA Goods, including, without limitation, Accused Goods, both on and off the internet, in and from Arkansas.

13.   A common nucleus of operative fact underlies all of Plaintiff's claims against Jiangxi, including claims arising outside the State of Arkansas: specifically, Jiangxi's ongoing pattern and practice of infringement and misappropriation of Plaintiff's intellectual property used in commerce in the United States with respect to fireworks.

## VENUE

14.   Venue is proper in this judicial district and division under 28 U.S.C. § 1391(b)(2) because Interstate and A-1 reside within the geographic area comprising the Eastern District of Arkansas, Central Division.

## GENERAL ALLEGATIONS

15.   Plaintiff markets, distributes, and sells consumer fireworks throughout the United States.

16.   Interstate distributes and sells consumer fireworks in, without limitation, Arkansas.

17.   A-1 distributes and sells consumer fireworks in, without limitation, Arkansas.

18.   Jiangxi manufactures consumer fireworks in China for, without limitation, export to the United States, both in the form of WINDA Goods and privately labeled goods.

19.   Jiangxi markets, distributes, and wholesales WINDA Goods in the United States, including Arkansas.

20.   Plaintiff is the owner of the federally registered trademark PANDA, registration number 6541029, registered on October 26, 2021, for use with "fireworks" (the "Panda Mark").

Gibson Lexburg LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

5

21.     Plaintiff is the owner of the federally registered trademark PANDA BOX, registration number 5503119, registered on June 26, 2018, with the word "BOX" disclaimed, for use with "fireworks" (the "Panda Box Mark").

22.     Plaintiff is the owner of the federally registered trademark GIANT PANDA, registration number 5547559, registered on August 21, 2018, for use with "fireworks" (the "Giant Panda Mark"; collectively with the Panda Box Mark, the "1.4g Composite Marks").

23.     Plaintiff is the owner of the federally registered trademark CHROMA, registration number 5827946, registered on August 6, 2019, for use with "fireworks" (the "Chroma Mark").

24.     Plaintiff is the owner of the federally registered trademark GHOST, registration number 5152562, registered on February 28, 2018, for use with "fireworks" (the "Ghost Mark").

25.     Plaintiff is the owner of the federally registered trademark SAMPLER, registration number 5143586, registered on February 14, 2017, for use with "fireworks" (the "Sampler Mark"; the Panda Mark, 1.4g Composite Marks, Chroma Mark, Ghost Mark, and Sampler Mark collectively the "1.4g Marks").

26.     Since at least as early as 2014, Plaintiff has invested significant time, effort and money (including, without limitation, investments of hundreds of thousands of dollars in financial outlays and time value in website creation and maintenance, search engine optimization, graphic design, social media content creation and maintenance, and advertising and promotional efforts) in creating other intangible assets associated with Plaintiff's copyrights, trademarks, and trade dress and used in conjunction with the sale and promotion of consumer fireworks, and developing valuable goodwill arising from and associated with same, including, without limitation, textual, design, and thematic content associated with label, box and carton graphic designs; box and carton size and packing optimization innovations; and product selection and packaging for pre-packaged fireworks assortments such as the goods sold under the Panda Box Mark (all such described intellectual property the "1.4g Commercial Property").

27.     Within the three years preceding the filing of this Complaint, Jiangxi has used and is using the Panda Mark in association with fireworks in United States commerce, including,

Gibson Lexburg LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

6

1  without limitation, in Arkansas, without Plaintiff's consent (the "Panda Infringement"; such use

2  the "Panda Infringing Mark Use").

3  28.    Within the three years preceding the filing of this Complaint, Jiangxi has used and is

4  using the word PANDA in association with fireworks as a mark in United States commerce,

5  including, without limitation, in Arkansas, both alone and in combination with other words and

6  syllables, including, without limitation, respectively, ANGRY PANDAS, HAPPY PANDA,

7  PANDA ZONE, and PANDAMONIUM, without Plaintiff's consent (the "Panda Composite

8  Infringements"; such use "Panda Composite Infringing Use").

9  29.    Within the three years preceding the filing of this Complaint, Interstate has engaged in

10  Panda Composite Infringing Use with respect to Jiangxi's goods sold under the marks PANDA

11  ZONE and PANDAMONIUM.

12  30.    Within the three years preceding the filing of this Complaint, Jiangxi has used and is

13  using the word CHROMA in association with fireworks as a mark in United States commerce,

14  including, without limitation, in Arkansas, in combination with the word CHAMELEON,

15  without Plaintiff's consent (the "Chroma Infringement"; such use "Chroma Infringing Use").

16  31.    Within the three years preceding the filing of this complaint, Interstate has engaged in

17  Chroma Infringing Use.

18  32.    Within the three years preceding the filing of this complaint, A-1 has engaged in Chroma

19  Infringing Use.

20  33.    Within the three years preceding the filing of this Complaint, Jiangxi has used and is

21  using the word GHOST in association with fireworks as a mark in United States commerce,

22  including, without limitation, in Arkansas, both alone and in combination with other words,

23  including, without limitation, respectively, DANCING WITH GHOST, GHOST STAR, GHOST

24  RINGS, and GHOST SHELL, without Plaintiff's consent (the "Ghost Infringements"; such use

25  "Ghost Infringing Use").

26  34.    Within the three years preceding the filing of this Complaint, A-1 has engaged in Ghost

27  Infringing Use with respect to Jiangxi's goods sold under the marks DANCING WITH GHOST

28  and GHOST STAR.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

35.     Within the three years preceding the filing of this Complaint, Jiangxi has used and is using the word SAMPLER in association with fireworks as a mark in United States commerce, including, without limitation, in Arkansas, in combination with the word PIZZA, without Plaintiff's consent (the "Sampler Infringement"; collectively with the Panda Infringement, the Panda Composite Infringements, the Chroma Infringement, and the Ghost Infringement, the "Mark Infringements"; such use "Sampler Infringing Use").

36.     Jiangxi willfully and knowingly engaged in the Mark Infringements.

37.     Interstate willfully and knowingly engaged in Panda Composite Infringements.

38.     Interstate willfully and knowingly engaged in the Chroma Infringement.

39.     A-1 willfully and knowingly engaged in Ghost Infringements.

40.     Within the three years preceding the filing of this Complaint, Jiangxi has used and is using the 1.4g Commercial Property in commerce in the United States, including, without limitation, in Arkansas, in connection with fireworks.

41.     Within the three years preceding the filing of this Complaint, Interstate has used and is using the 1.4g Commercial Property in commerce in the United States, including, without limitation, in Arkansas, in connection with fireworks.

42.     Within the three years preceding the filing of this Complaint, A-1 has used and is using the 1.4g Commercial Property in commerce in the United States, including, without limitation, in Arkansas, in connection with fireworks.

43.     Jiangxi's use in commerce in the United States of the 1.4g Commercial Property constitutes misappropriation of the 1.4g Commercial Property ("Commercial Property Misappropriation").

44.     Interstate's use in commerce in the United States of the 1.4g Commercial Property constitutes Commercial Property Misappropriation.

45.     A-1's use in commerce in the United States of the 1.4g Commercial Property constitutes Commercial Property Misappropriation.

46.     Jiangxi willfully and knowingly engaged in Commercial Property Misappropriation.

47.     Interstate willfully and knowingly engaged in Commercial Property Misappropriation.

8

Gibson Lexburg LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

1    48.    A-1 willfully and knowingly engaged in Commercial Property Misappropriation.

2    49.    Jiangxi has never been granted a license by Plaintiff to use any of the 1.4g Marks.

3    50.    Interstate has never been granted a license by Plaintiff to use any of the 1.4g Marks.

4    51.    A-1 has never been granted a license by Plaintiff to use any of the 1.4g Marks.

5    52.    Jiangxi has never been granted a license by Plaintiff to use any of the 1.4g Commercial

6    Property.

7    53.    Interstate has never been granted a license by Plaintiff to use any of the 1.4g Commercial

8    Property.

9    54.    A-1 has never been granted a license by Plaintiff to use any of the 1.4g Commercial

10    Property.

11    55.    Jiangxi has never paid Plaintiff any amounts for the use of any of the 1.4g Marks.

12    56.    Interstate has never paid Plaintiff any amounts for the use of any of the 1.4g Marks.

13    57.    A-1 has never paid Plaintiff any amounts for the use of any of the 1.4g Marks.

14    58.    Jiangxi has never paid Plaintiff any amounts for the use of any of the 1.4g Commercial

15    Property.

16    59.    Interstate has never paid Plaintiff any amounts for the use of any of the 1.4g Commercial

17    Property.

18    60.    A-1 has never paid Plaintiff any amounts for the use of any of the 1.4g Commercial

19    Property.

20    **FIRST CAUSE OF ACTION**

21    **REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)**

22    **(PANDA MARK—AGAINST JIANGXI)**

23    61.    Plaintiff realleges and incorporates by reference every allegation set forth above.

24    62.    Jiangxi is and has been engaged in the Panda Infringing Mark Use.

25    63.    The Infringing Panda Mark Use infringes on the Panda Mark because the Infringing

26    Panda Mark is identical to the Panda Mark.

27    64.    The Infringing Panda Mark Use is likely to cause confusion, cause mistake, or deceive

28    customers and the public with respect to the goods offered in commerce by Jiangxi.

9

65.    Jiangxi has willfully engaged in the Infringing Panda Mark Use with knowledge that the Infringing Panda Mark Use constitutes infringement of the Panda Mark.

66.    The Infringing Panda Mark Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Panda Mark, in violation of 15 U.S.C. § 1114.

67.    Plaintiff has sustained actual damages as a direct and proximate result of the Infringing Panda Mark Use with respect to the Panda Mark, and Jiangxi is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

68.    Jiangxi has profited as a direct and proximate result of the Infringing Panda Mark Use with respect to the Panda Mark, and Jiangxi is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

69.    Plaintiff has incurred costs of suit in connection with bringing this action, and Jiangxi is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

70.    Jiangxi utilized the Panda Mark without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114.

71.    Jiangxi undertook Jiangxi's infringement of the Panda Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

**SECOND CAUSE OF ACTION**

**REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)**

**(PANDA MARK, INFRINGED BY ANGRY PANDAS—AGAINST JIANGXI)**

72.    Plaintiff realleges and incorporates by reference every allegation set forth above.

73.    Jiangxi is using and has used the mark ANGRY PANDAS (the "Angry Pandas Mark") in commerce in the United States in connection with the sale, offering for sale, distribution, and advertising of goods without Plaintiff's consent (the "Infringing Angry Pandas Mark Use").

74.    The Infringing Angry Pandas Mark Use infringes on the Panda Mark because the Angry Pandas Mark incorporates the Panda Mark in full.

75.     The Infringing Angry Pandas Mark Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by Jiangxi.

76.     Jiangxi has willfully engaged in the Infringing Angry Pandas Mark Use with knowledge that the Infringing Angry Pandas Mark Use constitutes infringement of the Panda Mark.

77.     The Infringing Angry Pandas Mark Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Panda Mark, in violation of 15 U.S.C. § 1114.

78.     Plaintiff has sustained actual damages as a direct and proximate result of the Infringing Angry Pandas Mark Use with respect to the Panda Mark, and Jiangxi is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

79.     Jiangxi has profited as a direct and proximate result of the Infringing Angry Pandas Mark Use with respect to the Panda Mark, and Jiangxi is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

80.     Plaintiff has incurred costs of suit in connection with bringing this action, and Jiangxi is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

81.     Jiangxi utilized the Panda Mark without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114.

82.     Jiangxi undertook Jiangxi's infringement of the Panda Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

### THIRD CAUSE OF ACTION

### REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)

### (PANDA MARK, INFRINGED BY HAPPY PANDA—AGAINST JIANGXI)

83.     Plaintiff realleges and incorporates by reference every allegation set forth above.

84.     Jiangxi is using and has used the mark HAPPY PANDA (the "Happy Panda Mark") in commerce in the United States in connection with the sale, offering for sale, distribution, and advertising of goods without Plaintiff's consent (the "Infringing Happy Panda Mark Use").

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

85.     The Infringing Happy Panda Mark Use infringes on the Panda Mark because the Happy Panda Mark incorporates the Panda Mark in full.

86.     The Infringing Happy Panda Mark Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by Jiangxi.

87.     Jiangxi has willfully engaged in the Infringing Happy Panda Mark Use with knowledge that the Infringing Happy Panda Mark Use constitutes infringement of the Panda Mark.

88.     The Infringing Happy Panda Mark Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Panda Mark, in violation of 15 U.S.C. § 1114.

89.     Plaintiff has sustained actual damages as a direct and proximate result of the Infringing Happy Panda Mark Use with respect to the Panda Mark, and Jiangxi is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

90.     Jiangxi has profited as a direct and proximate result of the Infringing Happy Panda Mark Use with respect to the Panda Mark, and Jiangxi is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

91.     Plaintiff has incurred costs of suit in connection with bringing this action, and Jiangxi is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

92.     Jiangxi utilized the Panda Mark without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114.

93.     Jiangxi undertook Jiangxi's infringement of the Panda Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

## FOURTH CAUSE OF ACTION

## REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)

## (PANDA MARK, INFRINGED BY PANDA ZONE—AGAINST JIANGXI)

94.     Plaintiff realleges and incorporates by reference every allegation set forth above.

95.     Jiangxi is using and has used the mark PANDA ZONE (the "Panda Zone Mark") in commerce in the United States in connection with the sale, offering for sale, distribution, and advertising of goods without Plaintiff's consent ("Infringing Panda Zone Mark Use").

96.     The Infringing Panda Zone Mark Use infringes on the Panda Mark because the Panda Zone Mark incorporates the Panda Mark in full.

97.     The Infringing Panda Zone Mark Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by Jiangxi.

98.     Jiangxi has willfully engaged in the Infringing Panda Zone Mark Use with knowledge that the Infringing Panda Zone Mark Use constitutes infringement of the Panda Mark.

99.     The Infringing Panda Zone Mark Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Panda Mark, in violation of 15 U.S.C. § 1114.

100.    Plaintiff has sustained actual damages as a direct and proximate result of the Infringing Panda Zone Mark Use with respect to the Panda Mark, and Jiangxi is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

101.    Jiangxi has profited as a direct and proximate result of the Infringing Panda Zone Mark Use with respect to the Panda Mark, and Jiangxi is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

102.    Plaintiff has incurred costs of suit in connection with bringing this action, and Jiangxi is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

103.    Jiangxi utilized the Panda Mark without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114.

104.    Jiangxi undertook Jiangxi's infringement of the Panda Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

13

**FIFTH CAUSE OF ACTION**

**REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)**

**(PANDA MARK, INFRINGED BY PANDA ZONE—AGAINST INTERSTATE)**

105.    Plaintiff realleges and incorporates by reference every allegation set forth above.

106.    Interstate is and has been engaged in Infringing Panda Zone Mark Use.

107.    The Infringing Panda Zone Mark Use infringes on the Panda Mark because the Panda Zone Mark incorporates the Panda Mark in full.

108.    The Infringing Panda Zone Mark Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by Interstate.

109.    Interstate has willfully engaged in the Infringing Panda Zone Mark Use with knowledge that the Infringing Panda Zone Mark Use constitutes infringement of the Panda Mark.

110.    The Infringing Panda Zone Mark Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Panda Mark, in violation of 15 U.S.C. § 1114.

111.    Plaintiff has sustained actual damages as a direct and proximate result of the Infringing Panda Zone Mark Use with respect to the Panda Mark, and Interstate is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

112.    Interstate has profited as a direct and proximate result of the Infringing Panda Zone Mark Use with respect to the Panda Mark, and Interstate is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

113.    Plaintiff has incurred costs of suit in connection with bringing this action, and Interstate is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

114.    Interstate utilized the Panda Mark without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114.

115.    Interstate undertook Interstate's infringement of the Panda Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

14

1

Gibson Lexburg LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

## SIXTH CAUSE OF ACTION

## REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)

## (PANDA MARK, INFRINGED BY PANDAMONIUM—AGAINST JIANGXI)

116.   Plaintiff realleges and incorporates by reference every allegation set forth above.

117.   Jiangxi is using and has used the mark PANDAMONIUM (the "Pandamonium Mark") in commerce in the United States in connection with the sale, offering for sale, distribution, and advertising of goods without Plaintiff's consent ("Infringing Pandamonium Mark Use").

118.   The Infringing Pandamonium Mark Use infringes on the Panda Mark because the Pandamonium Mark incorporates the Panda Mark in full.

119.   The Infringing Pandamonium Mark Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by Jiangxi.

120.   Jiangxi has willfully engaged in the Infringing Pandamonium Mark Use with knowledge that the Infringing Pandamonium Mark Use constitutes infringement of the Panda Mark.

121.   The Infringing Pandamonium Mark Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Panda Mark, in violation of 15 U.S.C. § 1114.

122.   Plaintiff has sustained actual damages as a direct and proximate result of the Infringing Pandamonium Mark Use with respect to the Panda Mark, and Jiangxi is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

123.   Jiangxi has profited as a direct and proximate result of the Infringing Pandamonium Mark Use with respect to the Panda Mark, and Jiangxi is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

124.   Plaintiff has incurred costs of suit in connection with bringing this action, and Jiangxi is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

125.   Jiangxi utilized the Panda Mark without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114.

15

126.    Jiangxi undertook Jiangxi's infringement of the Panda Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

**SEVENTH CAUSE OF ACTION**

**REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)**

**(PANDA MARK, INFRINGED BY PANDAMONIUM—AGAINST INTERSTATE)**

127.    Plaintiff realleges and incorporates by reference every allegation set forth above.

128.    Interstate is and has been engaged in Infringing Pandamonium Mark Use.

129.    The Infringing Pandamonium Mark Use infringes on the Panda Mark because the Pandamonium Mark incorporates the Panda Mark in full.

130.    The Infringing Pandamonium Mark Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by Interstate.

131.    Interstate has willfully engaged in the Infringing Pandamonium Mark Use with knowledge that the Infringing Pandamonium Mark Use constitutes infringement of the Panda Mark.

132.    The Infringing Pandamonium Mark Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Panda Mark, in violation of 15 U.S.C. § 1114.

133.    Plaintiff has sustained actual damages as a direct and proximate result of the Infringing Pandamonium Mark Use with respect to the Panda Mark, and Interstate is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

134.    Interstate has profited as a direct and proximate result of the Infringing Pandamonium Mark Use with respect to the Panda Mark, and Interstate is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

135.    Plaintiff has incurred costs of suit in connection with bringing this action, and Interstate is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

136.    Interstate utilized the Panda Mark without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114.

16

1   137.   Interstate undertook Interstate's infringement of the Panda Mark in a manner that makes

2   this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's

3   attorneys' fees incurred in this action.

### EIGHTH CAUSE OF ACTION

### REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)

### (PANDA BOX MARK—AGAINST JIANGXI)

7   138.   Plaintiff realleges and incorporates by reference every allegation set forth above.

8   139.   The Panda Composite Infringements infringe on the Panda Box Mark because the Panda

9   Composite Infringements are substantially similar to the Panda Box Mark and are being used by

10   Jiangxi in commerce with respect to the same goods on which Plaintiff uses the Panda Box Mark

11   in commerce.

12   140.   The Panda Composite Infringing Use is likely to cause confusion, cause mistake, or

13   deceive customers and the public with respect to the goods offered in commerce by Jiangxi

14   under the Panda Box Mark.

15   141.   Jiangxi has willfully engaged in the Panda Composite Infringing Use with knowledge

16   that the Panda Composite Infringing Use constitutes infringement of the Panda Box Mark.

17   142.   The Panda Composite Infringing Use has damaged and will continue to damage the

18   reputation and goodwill of Plaintiff established in connection with the Panda Box Mark, in

19   violation of 15 U.S.C. § 1114.

20   143.   Plaintiff has sustained actual damages as a direct and proximate result of the Panda

21   Composite Infringing Use with respect to the Panda Box Mark, and Jiangxi is liable to Plaintiff

22   for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

23   144.   Jiangxi has profited as a direct and proximate result of the Panda Composite Infringing

24   Use with respect to the Panda Box Mark, and Jiangxi is liable to Plaintiff for the amount of those

25   profits pursuant to 15 U.S.C. § 1117.

26   145.   Plaintiff has incurred costs of suit in connection with bringing this action, and Jiangxi is

27   liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

28

146.    Jiangxi utilized the Panda Composite Infringements without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114 with respect to the Panda Box Mark.

147.    Jiangxi undertook Jiangxi's infringement of the Panda Box Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

## NINTH CAUSE OF ACTION

## REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)

## (PANDA BOX MARK—AGAINST INTERSTATE)

148.    Plaintiff realleges and incorporates by reference every allegation set forth above.

149.    The Panda Composite Infringements infringe on the Panda Box Mark because the Panda Composite Infringements are substantially similar to the Panda Box Mark and are being used by Interstate in commerce with respect to the same goods on which Plaintiff uses the Panda Box Mark in commerce.

150.    The Panda Composite Infringing Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by Interstate under the Panda Box Mark.

151.    Interstate has willfully engaged in the Panda Composite Infringing Use with knowledge that the Panda Composite Infringing Use constitutes infringement of the Panda Box Mark.

152.    The Panda Composite Infringing Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Panda Box Mark, in violation of 15 U.S.C. § 1114.

153.    Plaintiff has sustained actual damages as a direct and proximate result of the Panda Composite Infringing Use with respect to the Panda Box Mark, and Interstate is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

154.    Interstate has profited as a direct and proximate result of the Panda Composite Infringing Use with respect to the Panda Box Mark, and Interstate is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

18

155.    Plaintiff has incurred costs of suit in connection with bringing this action, and Interstate is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

156.    Interstate utilized the Panda Composite Infringements without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114 with respect to the Panda Box Mark.

157.    Interstate undertook Interstate's infringement of the Panda Box Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

**TENTH CAUSE OF ACTION**

**REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)**

**(GIANT PANDA MARK—AGAINST JIANGXI)**

158.    Plaintiff realleges and incorporates by reference every allegation set forth above.

159.    The Panda Composite Infringing Use infringes on the Giant Panda Mark because the Panda Composite Infringements are substantially similar to the Giant Panda Mark and are being used by Jiangxi in commerce with respect to the same goods on which Plaintiff uses the Giant Panda Mark in commerce.

160.    The Panda Composite Infringing Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by Jiangxi under the Giant Panda Mark.

161.    Jiangxi has willfully engaged in the Panda Composite Infringing Use with knowledge that the Panda Composite Infringing Use constitutes infringement of the Giant Panda Mark.

162.    The Panda Composite Infringing Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Giant Panda Mark, in violation of 15 U.S.C. § 1114.

163.    Plaintiff has sustained actual damages as a direct and proximate result of the Panda Composite Infringing Use with respect to the Giant Panda Mark, and Jiangxi is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

19

1  164.   Jiangxi has profited as a direct and proximate result of the Panda Composite Infringing

2  Use with respect to the Giant Panda Mark, and Jiangxi is liable to Plaintiff for the amount of

3  those profits pursuant to 15 U.S.C. § 1117.

4  165.   Plaintiff has incurred costs of suit in connection with bringing this action, and Jiangxi is

5  liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

6  166.   Jiangxi utilized the Panda Composite Infringements without authorization in derogation

7  of Plaintiff's exclusive rights under 15 U.S.C. § 1114 with respect to the Giant Panda Mark.

8  167.   Jiangxi undertook Jiangxi's infringement of the Giant Panda Mark in a manner that

9  makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to

10  Plaintiff's attorneys' fees incurred in this action.

11  **ELEVENTH CAUSE OF ACTION**

12  **REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)**

13  **(GIANT PANDA MARK—AGAINST INTERSTATE)**

14  168.   Plaintiff realleges and incorporates by reference every allegation set forth above.

15  169.   The Panda Composite Infringing Use infringes on the Giant Panda Mark because the

16  Panda Composite Infringements are substantially similar to the Giant Panda Mark and are being

17  used by Interstate in commerce with respect to same goods on which Plaintiff uses the Giant

18  Panda Mark in commerce.

19  170.   The Panda Composite Infringing Use is likely to cause confusion, cause mistake, or

20  deceive customers and the public with respect to the goods offered in commerce by Interstate

21  under the Giant Panda Mark.

22  171.   Interstate have willfully engaged in the Panda Composite Infringing Use with knowledge

23  that the Panda Composite Infringing Use constitutes infringement of the Giant Panda Mark.

24  172.   The Panda Composite Infringing Use has damaged and will continue to damage the

25  reputation and goodwill of Plaintiff established in connection with the Giant Panda Mark, in

26  violation of 15 U.S.C. § 1114.

27

28

Gibson Lexburg LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

20

173.    Plaintiff has sustained actual damages as a direct and proximate result of the Panda Composite Infringing Use with respect to the Giant Panda Mark, and Interstate is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

174.    Interstate has profited as a direct and proximate result of the Panda Composite Infringing Use with respect to the Giant Panda Mark, and Interstate is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

175.    Plaintiff has incurred costs of suit in connection with bringing this action, and Interstate is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

176.    Interstate utilized the Panda Composite Infringements without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114 with respect to the Giant Panda Mark.

177.    Interstate undertook Interstate's infringement of the Giant Panda Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

## TWELFTH CAUSE OF ACTION

### REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)

### (SAMPLER MARK—AGAINST JIANGXI)

178.    Plaintiff realleges and incorporates by reference every allegation set forth above.

179.    Jiangxi is and has been engaged in the Sampler Infringing Use.

180.    The Sampler Infringing Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by Defendants.

181.    Jiangxi has willfully engaged in Sampler Infringing Use with knowledge that Sampler Infringing Use constitutes infringement of the Sampler Mark.

182.    The Sampler Infringing Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Sampler Mark, in violation of 15 U.S.C. § 1114.

183.    Plaintiff has sustained actual damages as a direct and proximate result of the Sampler Infringing Use with respect to the Sampler Mark, and Jiangxi is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

184.    Jiangxi has profited as a direct and proximate result of the Sampler Infringing Use with respect to the Sampler Mark, and Jiangxi is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

185.    Plaintiff has incurred costs of suit in connection with bringing this action, and Jiangxi is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

186.    Jiangxi utilized the Sampler Mark without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114.

187.    Jiangxi undertook Jiangxi's infringement of the Sampler Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

## THIRTEENTH CAUSE OF ACTION

## REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)

## (CHROMA MARK—AGAINST JIANGXI)

188.    Plaintiff realleges and incorporates by reference every allegation set forth above.

189.    Jiangxi is and has been engaged in Chroma Infringing Use.

190.    The Chroma Infringing Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by Jiangxi.

191.    Jiangxi has willfully engaged in the Chroma Infringing Use with knowledge that the Chroma Infringing Use constitutes infringement of the Chroma Mark.

192.    The Chroma Infringing Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Chroma Mark, in violation of 15 U.S.C. § 1114.

193.    Plaintiff has sustained actual damages as a direct and proximate result of the Chroma Infringing Use with respect to the Chroma Mark, and Jiangxi is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

194.    Jiangxi has profited as a direct and proximate result of the Chroma Infringing Use with respect to the Chroma Mark, and Jiangxi is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

22

1    195.    Plaintiff has incurred costs of suit in connection with bringing this action, and Jiangxi is

2    liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

3    196.    Jiangxi utilized the Chroma Mark without authorization in derogation of Plaintiff's

4    exclusive rights under 15 U.S.C. § 1114.

5    197.    Jiangxi undertook Jiangxi's infringement of the Chroma Mark in a manner that makes

6    this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's

7    attorneys' fees incurred in this action.

8                          **FOURTEENTH CAUSE OF ACTION**

9    **REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)**

10              **(CHROMA MARK—AGAINST INTERSTATE)**

11   198.    Plaintiff realleges and incorporates by reference every allegation set forth above.

12   199.    Interstate is and has been engaged in Chroma Infringing Use.

13   200.    The Chroma Infringing Use is likely to cause confusion, cause mistake, or deceive

14   customers and the public with respect to the goods offered in commerce by Interstate.

15   201.    Interstate has willfully engaged in the Chroma Infringing Use with knowledge that the

16   Chroma Infringing Use constitutes infringement of the Chroma Mark.

17   202.    The Chroma Infringing Use has damaged and will continue to damage the reputation and

18   goodwill of Plaintiff established in connection with the Chroma Mark, in violation of 15 U.S.C.

19   § 1114.

20   203.    Plaintiff has sustained actual damages as a direct and proximate result of the Chroma

21   Infringing Use with respect to the Chroma Mark, and Interstate is liable to Plaintiff for up to

22   three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

23   204.    Interstate has profited as a direct and proximate result of the Chroma Infringing Use with

24   respect to the Chroma Mark, and Interstate is liable to Plaintiff for the amount of those profits

25   pursuant to 15 U.S.C. § 1117.

26   205.    Plaintiff has incurred costs of suit in connection with bringing this action, and Interstate

27   is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

28

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

23

206.    Interstate utilized the Chroma Mark without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114.

207.    Interstate undertook Interstate's infringement of the Chroma Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

## FIFTEENTH CAUSE OF ACTION

## REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)

## (CHROMA MARK—AGAINST A-1)

208.    Plaintiff realleges and incorporates by reference every allegation set forth above.

209.    A-1 is and has been engaged in Chroma Infringing Use.

210.    The Chroma Infringing Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by A-1.

211.    A-1 has willfully engaged in the Chroma Infringing Use with knowledge that the Chroma Infringing Use constitutes infringement of the Chroma Mark.

212.    The Chroma Infringing Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Chroma Mark, in violation of 15 U.S.C. § 1114.

213.    Plaintiff has sustained actual damages as a direct and proximate result of the Chroma Infringing Use with respect to the Chroma Mark, and A-1 is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

214.    A-1 has profited as a direct and proximate result of the Chroma Infringing Use with respect to the Chroma Mark, and A-1 is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

215.    Plaintiff has incurred costs of suit in connection with bringing this action, and A-1 is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

216.    A-1 utilized the Chroma Mark without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114.

24

1    217.    A-1 undertook Interstate's infringement of the Chroma Mark in a manner that makes this

2    an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys'

3    fees incurred in this action.

4                                    **SIXTEENTH CAUSE OF ACTION**

5                    **REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)**

6        **(GHOST MARK, INFRINGED BY DANCING WITH GHOST—AGAINST JIANGXI)**

7    218.    Plaintiff realleges and incorporates by reference every allegation set forth above.

8    219.    Jiangxi is using and has used the mark DANCING WITH GHOST (the "Dancing With

9    Ghost Mark") in commerce in the United States in connection with the sale, offering for sale,

10   distribution, and advertising of goods without Plaintiff's consent ("Infringing Dancing With

11   Ghost Use").

12   220.    The Infringing Dancing With Ghost Use is likely to cause confusion, cause mistake, or

13   deceive customers and the public with respect to the goods offered in commerce by Jiangxi.

14   221.    Jiangxi has willfully engaged in the Infringing Dancing With Ghost Use with knowledge

15   that the Infringing Dancing With Ghost Use constitutes infringement of the Ghost Mark.

16   222.    The Infringing Dancing With Ghost Use has damaged and will continue to damage the

17   reputation and goodwill of Plaintiff established in connection with the Ghost Mark, in violation

18   of 15 U.S.C. § 1114.

19   223.    Plaintiff has sustained actual damages as a direct and proximate result of the Infringing

20   Dancing With Ghost Use with respect to the Ghost Mark, and Jiangxi is liable to Plaintiff for up

21   to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

22   224.    Jiangxi has profited as a direct and proximate result of the Infringing Dancing With

23   Ghost Use with respect to the Ghost Mark, and Jiangxi is liable to Plaintiff for the amount of

24   those profits pursuant to 15 U.S.C. § 1117.

25   225.    Plaintiff has incurred costs of suit in connection with bringing this action, and Jiangxi is

26   liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

27   226.    Jiangxi utilized the Ghost Mark without authorization in derogation of Plaintiff's

28   exclusive rights under 15 U.S.C. § 1114.

**Gibson Lexburg PLLP**
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

25

227.    Jiangxi undertook Jiangxi's infringement of the Ghost Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

**SEVENTEENTH CAUSE OF ACTION**

**REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)**

**(GHOST MARK, INFRINGED BY DANCING WITH GHOST—AGAINST JIANGXI**

**AND A-1)**

228.    Plaintiff realleges and incorporates by reference every allegation set forth above.

229.    A-1 is and has been engaged in Infringing Dancing With Ghost Use.

230.    The Infringing Dancing With Ghost Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by A-1.

231.    A-1 has willfully engaged in the Infringing Dancing With Ghost Use with knowledge that the Infringing Dancing With Ghost Use constitutes infringement of the Ghost Mark.

232.    The Infringing Dancing With Ghost Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Ghost Mark, in violation of 15 U.S.C. § 1114.

233.    Plaintiff has sustained actual damages as a direct and proximate result of the Infringing Dancing With Ghost Use with respect to the Ghost Mark, and A-1 is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

234.    A-1 has profited as a direct and proximate result of the Infringing Dancing With Ghost Use with respect to the Ghost Mark, and A-1 is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

235.    Plaintiff has incurred costs of suit in connection with bringing this action, and A-1 is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

236.    A-1 utilized the Ghost Mark without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114.

237. A-1 undertook A-1's infringement of the Ghost Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

## EIGHTEENTH CAUSE OF ACTION

## REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)

## (GHOST MARK, INFRINGED BY GHOST STAR—AGAINST JIANGXI)

238. Plaintiff realleges and incorporates by reference every allegation set forth above.

239. Jiangxi is using and has used the mark GHOST STAR (the "Ghost Star Mark") in commerce in the United States in connection with the sale, offering for sale, distribution, and advertising of goods without Plaintiff's consent ("Infringing Ghost Star Use").

240. The Infringing Ghost Star Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by Jiangxi.

241. Jiangxi has willfully engaged in the Infringing Ghost Star Use with knowledge that the Infringing Ghost Star Use constitutes infringement of the Ghost Mark.

242. The Infringing Ghost Star Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Ghost Mark, in violation of 15 U.S.C. § 1114.

243. Plaintiff has sustained actual damages as a direct and proximate result of the Infringing Ghost Star Use with respect to the Ghost Mark, and Jiangxi is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

244. Jiangxi has profited as a direct and proximate result of the Infringing Ghost Star Use with respect to the Ghost Mark, and Jiangxi is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

245. Plaintiff has incurred costs of suit in connection with bringing this action, and Jiangxi is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

246. Jiangxi utilized the Ghost Mark without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114.

27

1   247.    Jiangxi undertook Jiangxi's infringement of the Ghost Mark in a manner that makes this

2   an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys'

3   fees incurred in this action.

4                           **NINETEENTH CAUSE OF ACTION**

5             **REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)**

6             **(GHOST MARK, INFRINGED BY GHOST STAR—AGAINST A-1)**

7   248.    Plaintiff realleges and incorporates by reference every allegation set forth above.

8   249.    A-1 is and has been engaged in Infringing Ghost Star Use.

9   250.    The Infringing Ghost Star Use is likely to cause confusion, cause mistake, or deceive

10  customers and the public with respect to the goods offered in commerce by A-1.

11  251.    A-1 has willfully engaged in the Infringing Ghost Star Use with knowledge that the

12  Infringing Ghost Star Use constitutes infringement of the Ghost Mark.

13  252.    The Infringing Ghost Star Use has damaged and will continue to damage the reputation

14  and goodwill of Plaintiff established in connection with the Ghost Mark, in violation of 15

15  U.S.C. § 1114.

16  253.    Plaintiff has sustained actual damages as a direct and proximate result of the Infringing

17  Ghost Star Use with respect to the Ghost Mark, and Jiangxi is liable to Plaintiff for up to three

18  times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

19  254.    Plaintiff has sustained actual damages as a direct and proximate result of the Infringing

20  Ghost Star Use with respect to the Ghost Mark, and A-1 is liable to Plaintiff for up to three times

21  the amount of those actual damages pursuant to 15 U.S.C. § 1117.

22  255.    A-1 has profited as a direct and proximate result of the Infringing Ghost Star Use with

23  respect to the Ghost Mark, and A-1 is liable to Plaintiff for the amount of those profits pursuant

24  to 15 U.S.C. § 1117.

25  256.    Plaintiff has incurred costs of suit in connection with bringing this action, and A-1 is

26  liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

27  257.    A-1 utilized the Ghost Mark without authorization in derogation of Plaintiff's exclusive

28  rights under 15 U.S.C. § 1114.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

258.   A-1 undertook A-1's infringement of the Ghost Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

## TWENTIETH CAUSE OF ACTION

## REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)

## (GHOST MARK, INFRINGED BY GHOST SHELL—AGAINST JIANGXI)

259.   Plaintiff realleges and incorporates by reference every allegation set forth above.

260.   Jiangxi is using and has used the mark GHOST SHELL (the "Ghost Shell Mark") in commerce in the United States in connection with the sale, offering for sale, distribution, and advertising of goods without Plaintiff's consent ("Infringing Ghost Shell Use").

261.   The Infringing Ghost Shell Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by Jiangxi.

262.   Jiangxi has willfully engaged in the Infringing Ghost Shell Use with knowledge that the Infringing Ghost Shell Use constitutes infringement of the Ghost Mark.

263.   The Infringing Ghost Shell Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Ghost Mark, in violation of 15 U.S.C. § 1114.

264.   Plaintiff has sustained actual damages as a direct and proximate result of the Infringing Ghost Shell Use with respect to the Ghost Mark, and Jiangxi is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

265.   Jiangxi has profited as a direct and proximate result of the Infringing Ghost Shell Use with respect to the Ghost Mark, and Jiangxi is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

266.   Plaintiff has incurred costs of suit in connection with bringing this action, and Jiangxi is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

267.   Jiangxi utilized the Ghost Mark without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

29

268.   Jiangxi undertook Jiangxi's infringement of the Ghost Mark in a manner that makes this an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys' fees incurred in this action.

**TWENTY-FIRST CAUSE OF ACTION**

**REGISTERED MARK INFRINGEMENT UNDER 15 U.S.C. § 1114(a)(1)**

**(GHOST MARK, INFRINGED BY GHOST RINGS—AGAINST JIANGXI)**

269.   Plaintiff realleges and incorporates by reference every allegation set forth above.

270.   Jiangxi is using and has used the mark GHOST RINGS (the "Ghost Rings Mark") in commerce in the United States in connection with the sale, offering for sale, distribution, and advertising of goods without Plaintiff's consent ("Infringing Ghost Rings Use").

271.   The Infringing Ghost Rings Use is likely to cause confusion, cause mistake, or deceive customers and the public with respect to the goods offered in commerce by Jiangxi.

272.   Jiangxi has willfully engaged in the Infringing Ghost Rings Use with knowledge that the Infringing Ghost Rings Use constitutes infringement of the Ghost Mark.

273.   The Infringing Ghost Ring Use has damaged and will continue to damage the reputation and goodwill of Plaintiff established in connection with the Ghost Mark, in violation of 15 U.S.C. § 1114.

274.   Plaintiff has sustained actual damages as a direct and proximate result of the Infringing Ghost Rings Use with respect to the Ghost Mark, and Jiangxi is liable to Plaintiff for up to three times the amount of those actual damages pursuant to 15 U.S.C. § 1117.

275.   Jiangxi has profited as a direct and proximate result of the Infringing Ghost Rings Use with respect to the Ghost Mark, and Jiangxi is liable to Plaintiff for the amount of those profits pursuant to 15 U.S.C. § 1117.

276.   Plaintiff has incurred costs of suit in connection with bringing this action, and Jiangxi is liable to Plaintiff for those costs of suit pursuant to 15 U.S.C. § 1117.

277.   Jiangxi utilized the Ghost Mark without authorization in derogation of Plaintiff's exclusive rights under 15 U.S.C. § 1114.

1   278.   Jiangxi undertook Jiangxi's infringement of the Ghost Mark in a manner that makes this

2   an exceptional case pursuant to 15 U.S.C. § 1117, and Plaintiff is entitled to Plaintiff's attorneys'

3   fees incurred in this action.

4   **TWENTY-SECOND CAUSE OF ACTION**

5   **MISAPPROPRIATION OF COMMERCIAL PROPERTY UNDER ARKANSAS**

6   **COMMON LAW**

7   **(AGAINST JIANGXI)**

8   279.   Plaintiff realleges and incorporates by reference every allegation set forth above.

9   280.   Plaintiff has invested significant time, effort and money in creating, publicizing, and

10   protecting the 1.4g Commercial Property, and developing valuable goodwill arising and

11   associated with the 1.4g Commercial Property, including, without limitation, investments of

12   hundreds of thousands of dollars in financial outlays and time value.

13   281.   Plaintiff has preserved Plaintiff's right to license, encumber or sell the 1.4g Commercial

14   Property to individuals or entities while Plaintiff has expended substantial resources to increase

15   the value of such potential licensing, encumbrance, or sales.

16   282.   Jiangxi misappropriated the 1.4g Commercial Property through the use of the 1.4g

17   Commercial Property for Jiangxi's enrichment without compensating Plaintiff.

18   283.   Plaintiff has sustained and will continue to sustain damages as a direct and proximate

19   result of the Commercial Property Misappropriation, and Defendants are liable to Plaintiff for the

20   amount of those present and future damages.

21   284.   Plaintiff has been required to retain an attorney to prosecute this action, and Defendants

22   are liable to Plaintiff for Plaintiff's attorney fees to the extent allowed by law.

23   285.   Plaintiff has incurred costs of suit in connection with bringing this action, and Defendants

24   are liable to Plaintiffs for those costs of suit.

25

26

27

28

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

1

## TWENTY-THIRD CAUSE OF ACTION

## MISAPPROPRIATION OF COMMERCIAL PROPERTY UNDER ARKANSAS

## COMMON LAW

## (AGAINST INTERSTATE)

286.   Plaintiff realleges and incorporates by reference every allegation set forth above.

287.   Plaintiff has invested significant time, effort and money in creating, publicizing, and protecting the 1.4g Commercial Property, and developing valuable goodwill arising and associated with the 1.4g Commercial Property, including, without limitation, investments of hundreds of thousands of dollars in financial outlays and time value.

288.   Plaintiff has preserved Plaintiff's right to license, encumber or sell the 1.4g Commercial Property to individuals or entities while Plaintiff has expended substantial resources to increase the value of such potential licensing, encumbrance, or sales.

289.   Jiangxi misappropriated the 1.4g Commercial Property through the use of the 1.4g Commercial Property for Jiangxi's enrichment without compensating Plaintiff.

290.

291.   Plaintiff has sustained and will continue to sustain damages as a direct and proximate result of the Commercial Property Misappropriation, and Defendants are liable to Plaintiff for the amount of those present and future damages.

292.   Plaintiff has been required to retain an attorney to prosecute this action, and Defendants are liable to Plaintiff for Plaintiff's attorney fees to the extent allowed by law.

Plaintiff has incurred costs of suit in connection with bringing this action, and Defendants are liable to Plaintiffs for those costs of suit.

## TWENTY-FOURTH CAUSE OF ACTION

## MISAPPROPRIATION OF COMMERCIAL PROPERTY UNDER ARKANSAS

## COMMON LAW

## (AGAINST A-1)

293.   Plaintiff realleges and incorporates by reference every allegation set forth above.

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

Gibson Lexburg LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

294.    Plaintiff has invested significant time, effort and money in creating, publicizing, and protecting the 1.4g Commercial Property, and developing valuable goodwill arising and associated with the 1.4g Commercial Property, including, without limitation, investments of hundreds of thousands of dollars in financial outlays and time value.

295.    Plaintiff has preserved Plaintiff's right to license, encumber or sell the 1.4g Commercial Property to individuals or entities while Plaintiff has expended substantial resources to increase the value of such potential licensing, encumbrance, or sales.

296.    A-1 misappropriated the 1.4g Commercial Property through the use of the 1.4g Commercial Property for Interstate's enrichment without compensating Plaintiff.

297.    Plaintiff has sustained and will continue to sustain damages as a direct and proximate result of the Commercial Property Misappropriation, and Defendants are liable to Plaintiff for the amount of those present and future damages.

298.    Plaintiff has been required to retain an attorney to prosecute this action, and Defendants are liable to Plaintiff for Plaintiff's attorney fees to the extent allowed by law.

299.    Plaintiff has incurred costs of suit in connection with bringing this action, and Defendants are liable to Plaintiffs for those costs of suit.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

A.    For Plaintiff's actual damages resulting from Jiangxi's infringement of the Panda Mark through Jiangxi's mark use of PANDA;

B.    For Jiangxi's profits resulting from Jiangxi's infringement of the Panda Mark through Jiangxi's mark use of PANDA;

C.    For Plaintiff's actual damages resulting from Jiangxi's infringement of the Panda Mark through Jiangxi's use of ANGRY PANDAS;

D.    For Jiangxi's profits resulting from Jiangxi's infringement of the Panda Mark through Jiangxi's use of ANGRY PANDAS;

E.    For Plaintiff's actual damages resulting from Jiangxi's infringement of the Panda Mark through Jiangxi's use of HAPPY PANDA;

33

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

1  F.      For Jiangxi's profits resulting from Defendant's infringement of the Panda Mark through

2  Jiangxi's use of HAPPY PANDA;

3  G.      For Plaintiff's actual damages resulting from Jiangxi's infringement of the Panda Mark

4  through Jiangxi's use of PANDA ZONE;

5  H.      For Jiangxi's profits resulting from Jiangxi's infringement of the Panda Mark through

6  Jiangxi's use of PANDA ZONE;

7  I.      For Plaintiff's actual damages resulting from Interstate's infringement of the Panda Mark

8  through Interstate's use of PANDA ZONE;

9  J.      For Interstate's profits resulting from Interstate's infringement of the Panda Mark

10  through Interstate's use of PANDA ZONE;

11  K.      For Plaintiff's actual damages resulting from Jiangxi's infringement of the Panda Mark

12  through Jiangxi's use of PANDAMONIUM;

13  L.      For Jiangxi's profits resulting from Jiangxi's infringement of the Panda Mark through

14  Jiangxi's use of PANDAMONIUM;

15  M.      For Plaintiff's actual damages resulting from Interstate's infringement of the Panda Mark

16  through Interstate's use of PANDAMONIUM;

17  N.      For Interstate's profits resulting from Interstate's infringement of the Panda Mark

18  through Interstate's use of PANDAMONIUM;

19  O.      For Plaintiff's actual damages resulting from Jiangxi's infringement of the Panda Box

20  Mark;

21  P.      For Jiangxi's profits resulting from Jiangxi's infringement of the Panda Box Mark;

22  Q.      For Plaintiff's actual damages resulting from Interstate's infringement of the Panda Box

23  Mark;

24  R.      For Interstate's profits resulting from Interstate's infringement of the Panda Box Mark;

25  S.      For Plaintiff's actual damages resulting from Jiangxi's infringement of the Giant Panda

26  Mark;

27  T.      For Jiangxi's profits resulting from Jiangxi's infringement of the Giant Panda Mark;

28

1  U.     For Plaintiff's actual damages resulting from Interstate's infringement of the Giant Panda
2  Mark;

3  V.     For Interstate's profits resulting from Interstate's infringement of the Giant Panda Mark;

4  W.     For Plaintiff's actual damages resulting from Jiangxi's infringement of the Sampler
5  Mark;

6  X.     For Jiangxi's profits resulting from Jiangxi's infringement of the Sampler Mark;

7  Y.     For Plaintiff's actual damages resulting from Jiangxi's infringement of the Chroma Mark;

8  Z.     For Jiangxi's profits resulting from Jiangxi's infringement of the Chroma Mark;

9  AA.    For Plaintiff's actual damages resulting from Interstate's infringement of the Chroma
10  Mark;

11  BB.    For Interstate's profits resulting from Interstate's infringement of the Chroma Mark;

12  CC.    For Plaintiff's actual damages resulting from A-1's infringement of the Chroma Mark;

13  DD.    For Interstate's profits resulting from A-1's infringement of the Chroma Mark;

14  EE.    For Plaintiff's actual damages resulting from Jiangxi's infringement of the Ghost Mark
15  through Jiangxi's use of DANCING WITH GHOST;

16  FF.    For Jiangxi's profits resulting from Jiangxi's infringement of the Ghost Mark through
17  Jiangxi's use of DANCING WITH GHOST;

18  GG.    For Plaintiff's actual damages resulting from A-1's infringement of the Ghost Mark
19  through A-1's use of DANCING WITH GHOST;

20  HH.    For A-1's profits resulting from A-1's infringement of the Ghost Mark through A-1's use
21  of DANCING WITH GHOST;

22  II.    For Plaintiff's actual damages resulting from Jiangxi's infringement of the Ghost Mark
23  through Jiangxi's use of GHOST STAR;

24  JJ.    For Jiangxi's profits resulting from Jiangxi's infringement of the Ghost Mark through
25  Jiangxi's use of GHOST STAR;

26  KK.    For Plaintiff's actual damages resulting from A-1's infringement of the Ghost Mark
27  through A-1's use of GHOST STAR;

28

35

LL.     For A-1's profits resulting from A-1's infringement of the Ghost Mark through A-1's use of GHOST STAR;

MM.    For Plaintiff's actual damages resulting from Jiangxi's infringement of the Ghost Mark through Jiangxi's use of GHOST SHELL;

NN.    For Jiangxi's profits resulting from Jiangxi's infringement of the Ghost Mark through Jiangxi's use of GHOST SHELL;

OO.    For Plaintiff's actual damages resulting from Jiangxi's infringement of the Ghost Mark through Jiangxi's use of GHOST RINGS;

PP.     For Jiangxi's profits resulting from Jiangxi's infringement of the Ghost Mark through Jiangxi's use of GHOST RINGS;

QQ.    For damages resulting from Jiangxi's misappropriation of the 1.4g Commercial Property;

RR.    For damages resulting from Interstate's misappropriation of the 1.4g Commercial Property;

SS.     For damages resulting from A-1's misappropriation of the 1.4g Commercial Property;

TT.     For equitable relief, which may include, without limitation, the reasonable value of the benefit conferred on Jiangxi;

UU.    For equitable relief, which may include, without limitation, the reasonable value of the benefit conferred on Interstate;

VV.    For equitable relief, which may include, without limitation, the reasonable value of the benefit conferred on A-1;

WW.   For permanent injunctive relief enjoining Jiangxi from using any or all of the 1.4g Marks and/or 1.4g Commercial Property in commerce;

XX.    For permanent injunctive relief enjoining Interstate from using any or all of the 1.4g Marks and/or 1.4g Commercial Property in commerce;

YY.    For permanent injunctive relief enjoining A-1 from using any or all of the 1.4g Marks and/or 1.4g Commercial Property in commerce;

ZZ.    For impoundment and disposal of all infringing articles in Jiangxi's possession;

AAA.  For impoundment and disposal of all infringing articles in Interstate's possession;

1    BBB.  For impoundment and disposal of all infringing articles in A-1's possession;

2    CCC.  For attorney fees as allowed by law;

3    DDD.  For costs of suit;

4    EEE.  For pre- and post-judgment interest as allowed by law; and

5    FFF.  For any other relief this Court deems appropriate.

6                              **DEMAND FOR JURY TRIAL**

7           Plaintiff requests trial by jury on all causes of action so triable.

8

9

10                              Respectfully submitted this 7th day of April, 2023.

11                              Gibson Lexbury LLP

12                              By
                                    STEVEN A. GIBSON, ESQ.

13                                  Nevada Bar No. 6656
                                    sgibson@gibsonlexbury.com

14                                  JODI DONETTA LOWRY, ESQ.
                                    Nevada Bar No. 7798

15                                  jlowry@gibsonlexbury.com
                                    3470 East Russell Road, Second Floor

16                                  Las Vegas, Nevada 89120
                                    (702) 541-7888 Telephone

17                                  (702) 541-7899 Facsimile
                                    *Attorneys for Plaintiff*

18

19

20

21

22

23

24

25

26

27

28

Gibson Lexbury LLP
3470 East Russell Road, Second Floor
Las Vegas, Nevada 89120
Main (702) 541-7888 • Fax (702) 541-7899

37